IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2008 DEC 23 P 2: 26

BY DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-85 |
| | : | |
| WEN CHYU LIU, | : | |
| a/k/a DAVID W. LIOU | : | |

## ORDER

Upon consideration of the joint stipulation of counsel, orally presented on November 4, 2008, the Court rules that the United States trial exhibits listed below are authentic and, in each instance are at least one of the following: (1) business records, made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge, and the records were made and kept in the course of regularly conducted business activity; (2) certified copies of domestic or foreign public records;  or (3) certified domestic or foreign records of regularly conducted activity, within the meaning of the Federal Rules of Evidence, all subject to a determination of relevancy, before being admissible at trial:

| No. | Description |
|---|---|
| 6. | Pacific Richland Products, Inc. Articles of Incorporation, Initial Report, Acceptance of Appointment of Agent, and Annual Reports, 1991 through 2004 (except for 2001), deleting cover letter to FBI special agent. |
| 110. | Dixie Company Limited Certificate of Incorporation, Notice of Registered Office, Return of First Directors and Secretary, Notice of Change of Directors or Secretary, Return of Allotted Shares (all Nov.-Dec.1985), and 2002 Annual Return. |

| No. | Description |
| --- | --- |
| 107-109;<br>132-136;<br>163-164 | Deposition of David Liou, August 13-14, 1999, and January 16-17, 2001. |
| 111-118;<br>120-125 | Wire transfer documentation included for each exhibit regarding those wire transfers from Citic Ka Wah Bank Limited to a particular Hibernia National Bank account, including, where applicable, records of Citic Kah Wah Bank, Federal Reserve Bank, JP Morgan Chase Bank, and Hibernia National Bank. |
| 40, 54, 56,<br>59A-D,<br>60-63,<br>64A-B,<br>65-66,<br>137A-B,<br>71A-C,<br>73, 175,<br>176 | Records of Pacific Richland, produced in course of civil litigation with Dow. |

Upon further consideration of the joint stipulation of counsel orally presented on November 4, 2008, and, after considering counsels' agreement to eliminate the first three clauses of each declaration of Interpreter/Translator Samuel C. Chan, pertaining to his California qualifications, the Court rules that the translations from Chinese to English of the following exhibits are authentic, having been faithfully made to the best of Mr. Chan's knowledge, ability, and belief, and, if otherwise ruled admissible by the Court, may therefor be introduced to aid the jury in understanding any such documents containing Chinese writings. The Court also rules that those earlier translations, sent by the government to Mr. Chan and returned by him, attached to his certifications, are to be removed for presentation of any of the exhibits which are admitted at trial:

| No. | Description |
| --- | --- |
| 40. | Pacific Richland simplified Process Flow Diagram, April 15, 1997. |
| 54. | Liou and Wheeler notes on Pacific Richland/Qingdao reactor, November 30, 1998. |
| 56. | Three page Quindao fax to Lightnin' regarding Parts Diagram of the chlorination tank and reactor dome detail, April 7, 1999, with Chinese notations translated. |
| 59A. | Liou handwritten letter to Hubei, regarding BBS Enterprises, chlorine sparger, and slide screen filter, November 30, 1998, PR 000167. |
| 59B. | Liou handwritten letter to Hubei, regarding price of slide screen filter, December 11, 1998, PR 000159-160. |
| 59C. | Liou handwritten letter to Hubei, regarding chlorine sparger and slide screen filter, December 14, 1998, PR 000155-156. |
| 59D. | Liou handwritten letter to Hubei regarding custom made slide screen (for dewatering), December 23, 1998, PR 000149-150. |
| 60. | Hubei fax to Liou regarding slide screen, January 13, 1999, PR 0000123. |
| 61. | Liou handwritten letter to Hubei quoting price of BBS Co. slide screen at $38,680, January 14, 1999, PR 000117. |
| 62. | Liou handwritten letter to Han Bing, regarding Pacific Richland fronting the deposit for the slide screen, January 20, 1999, PR 000109. |
| 63. | Liou letter to Han Bing, forwarding the design of the BBS-built slide screen, January 22, 1999, PR 000105. |
| 64A. | Hubei letter to Liou, acknowledging receipt of SS-3206 (slide screen) diagram from Han Bing, February 3, 1999, PR 000106. |
| 64B. | Liou letter to Hubei, regarding design of SS-3206 (slide screen filter), February 4, 1999, PR 000237. |
| 65. | Hubei fax to Liou (three pages), regarding equipment purchases, including slide screen, February 8, 1999, PR 00098-100. |

| No. | Description |
| --- | --- |
| 66. | Liou letter to Hubei, February 10, 1999, acknowledging fax of February 8, 1999, complaining of bargaining for equipment purchases, PR 00101-001002. |
| 71A. | Liou handwritten letter to Han Bing, regarding receipt of P&ID and contact with Hartmann and Braun, April 14, 1999, PR 00096. |
| 71C. | Liou handwritten letter to Hubei, regarding shipping of equipment, including the slide screen filter, April 21, 1999, PR 000206. |
| 137A. | Pacific Richland Products letter from David Liou to Shangri-la Holiday travel Lines, with attached Tour registration form, October 28, 1999. |
| 137B. | Shangri-la Holidays reservation form dated October 27, 1999, with attached copy of Air China ticket. |
| 175. | Eleven page contract between Zhong Ji Trading Co., Hubei, and Pacific Richland, August 1, 1997, PRCON 1179-1189. |
| 176. | Notice of Acceptance of Patent Application No. 99119593.0, dated September 8, 1999, PRCON 1190-1209. |

Upon further consideration of the joint stipulation of counsel orally presented on November 4, 2008, made in the presence of the defendant, the Court also finds that for all times relevant to the superseding indictment, Hibernia National Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

Pursuant to the joint stipulation, it is also ordered that all such records of Hibernia National Bank which have been produced in discovery by the United States and which are incorporated by reference within the two "Certifications of Business Records," executed by a representative of Capital One Bank, successor to Hibernian National Bank, on July 10, 2008, constituting, respectively, 989 and 786 documents, are records of regularly conducted business activities of Hibernia National Bank, made at or near the time of the activity by, or

from information transmitted by, persons with knowledge; the records were kept in the

course of the regularly business activity of Hibernia National Bank; and it was the regular

practice of the business to make the records accompanying the declaration of each

Certification.

So ordered this 23rd day of December, 2008, at Baton Rouge, Louisiana.


RALPH E. TYSON, CHIEF JUDGE
United States District Court