# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **WEN CHYU LIU, a/k/a DAVID W. LIOU** | **No. 05-85-RET-CN** |

## RULING ON MOTION

This matter is currently before the Court on a Motion to Allow Statements and Evidence Concerning Defendant's Attempted Sale of Stolen Dow CPE Trade Secrets to Nan Ya Plastics (Doc. No. 92) filed by the Government. Defendant, Wen Chyu Liu, a/k/a/ David Liou ("Liou"), has filed opposition (Doc. No. 120), and the Government has filed a Reply (Doc. No. 131). The Court, having reviewed the record, the law, and the arguments of the parties, now concludes that the Government's Motion should be **GRANTED** for the following reasons.

## BACKGROUND

The defendant is charged with, *inter alia*, conspiracy to steal the Dow Chemical Company's ("Dow") chlorinated polyethylene polymer ("CPE") trade secrets in violation of 18 U.S.C. § 1832(a). The conspiracy charge alleges that "until at least October 31, 2001," Liou, John Wheeler, HM, and Keith Stoecker conspired to steal the manufacturing processes used by Dow to create its CPE and incorporate that process into engineering packages for sale to various

Doc#1899

Chinese companies. Although not expressly charged in the Indictment,[1] the Government alleges that Defendant attempted to sell stolen Dow CPE trade secrets in 2003 to Nan Ya Plastics Corporation ("Nan Ya"), a company located in the Republic of China. Through the instant Motion, the Government seeks to admit, at trial, evidence of the defendant's negotiations with Nan Ya. Specifically, the Government contends that the evidence is intrinsic to the charged crimes or, alternatively, that admission is proper under Federal Rule of Evidence 404(b), because the evidence provides proof of motive, opportunity, intent, plan, knowledge, and absence of mistake or accident.

## LAW

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." "Other act" evidence is admissible only if (1) the evidence is "relevant to an issue other than the defendant's character," and (2) the evidence's probative value is not substantially outweighed by its undue prejudice

---

[1] The Government argues that Nan Ya is implicitly referenced in two paragraphs of the Second Superseding Indictment. Specifically, Paragraph 12 of the indictment alleges that Liou hired Stoecker for "additional engineering services... long after the Summer of 1999[,]" in order to insure that Stoecker remained loyal to Liou. Record Document No. 99, Second Superceding Indictment, p. 6, ¶ 12. The conduct alleged in Paragraph 16(i) is substantially similar to that alleged in Paragraph 12: "[I]n the Summer of 1999 and continuing until several years thereafter, Liou paid Stoecker several thousand dollars a month for engineering services on various Chinese projects..." Record Document No. 99, Second Superceding Indictment, p. 8, ¶ 16(I). Although the words "Nan Ya" are never explicitly included in the indictment, the Government contends that the words "additional engineering services" and "engineering services on various Chinese projects" are sufficient to bring the"the Nan Ya endeavor" within the ambit of the indictment because the words refer to services provided by Stoecker in connection with "the Nan Ya endeavor." See Record Document No. 131, Reply of the United States, pp. 1-2.

to the defendant.[2] Rule 404(b) is not implicated, however, where the other act evidence is intrinsic to the crime charged.[3] "'Other act' evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged."[4] "Although acts admissible under Rule 404(b) generally occur prior to the charged crime, evidence of subsequent acts may also be admitted."[5]

Because the Court finds that the evidence is admissible under Federal Rule of Evidence 404(b), it is unnecessary to consider whether evidence pertaining to the Nan Ya negotiations is intrinsic to the crimes charged.

## ANALYSIS

The Government alleges that evidence regarding the Nan Ya negotiations is admissible under Rule 404(b) because such evidence shows that the defendant had the opportunity to sell stolen CPE trade secrets through his connections in the regions, that he had the intent and motive to sell such trade secrets, he knew what he was doing, and that his actions were not an accident or a mistake. In opposition, the defendant argues that such evidence is (1) being

---

[2] **United States v. Beechum**, 582 F.2d 898, 911 (5th Cir.1978).

[3] **United States v. Garcia**, 27 F.3d 1009, 1014 (5th Cir.1994).

[4] **United States v. Williams**, 900 F.2d 823, 825 (5th Cir.1990) (citations omitted).

[5] **U.S. v. Flores**, 217 Fed. Appx. 346, 347 (5th Cir. 2007) (citing **United States v. Osum**, 943 F.2d 1394, 1404 n. 7 (5th Cir.1991)).

offered to show the defendant's propensity to commit the crime charged; (2) there are substantial dissimilarities between the charged conduct and the Nan Ya negotiations – namely that the Nan Ya negotiations occurred years after the activity alleged in the indictment, the negotiations were conducted on the basis of the defendant's own CPE and Chlorosulphonated polyethylene (CSM) patents issued in China, and the Nan Ya negotiations failed; (3) the evidence is insufficient to show that the defendant committed the "other act;" and (4) the probative value of the evidence is not outweighed by undue prejudice. The Court finds the defendant's arguments unpersuasive.

"Other act" evidence is admissible only if (1) the evidence is "relevant to an issue other than the defendant's character," and (2) the evidence's probative value is not substantially outweighed by its undue prejudice to the defendant.[6] Evidence of defendant's subsequent negotiations with Nan Ya is relevant to establish the defendant's association with co-conspirators[7] and to prove that the defendant was conducting business involving CPE technology within the Chinese market, that he had access to buyers of CPE technology in the Chinese market, and that he knew how to sell technology such as the CPE manufacturing processes allegedly stolen from Dow. Furthermore, the evidence is relevant to

---

[6] **Beechum**, 582 F.2d at 911.

[7] The Government contends that Stoecker was involved in the Nan Ya negotiations. The defendant does not contest this point.

Doc#1899　　　　　　　　　　　　　　　　4

establish the defendant's intent. The Government alleges that the defendant attempted to sell stolen Dow CPE trade secrets to Nan Ya during the negotiations. If "the extrinsic offense requires the same intent as the charged offense and... the jury could find that the defendant committed the extrinsic offense," then "the extrinsic offense evidence is relevant to an issue other than the defendant's character."[8] Also, because the defendant has entered a not-guilty plea to the conspiracy charge, the not-guilty plea itself "renders the defendant's intent a material issue" and "evidence of such extrinsic offenses as may be probative of a defendant's state of mind is admissible unless he affirmatively takes the issue of intent out of the case."[9]

Now that the Court has determined that the evidence is relevant to an issue other than the defendant's character, it must determine whether the probative value of the evidence is substantially outweighed by its undue prejudice to the defendant. The Court finds that evidence of the Nan Ya negotiations is particularly probative.[10] Furthermore, the Court intends to provide the jury with limiting instructions in order to minimize the potential prejudicial effect of the evidence. Because the probative value of the evidence is great and the potential

---

[8] **United States v. Roberts**, 619 F.2d 379, 382-83 (5th Cir.1980) (citations omitted)

[9] **Id.** at 383.

[10] See, e.g. **U.S. v. Flores**, 217 Fed.Appx. 346, 347 (5th Cir. 2007)("subsequent acts evidence is particularly relevant when intent is at issue.")(citing **United States v. Mares**, 441 F.3d 1152, 1157 (10th Cir. 2006)).

for undue prejudice has been minimized, the Court finds that the probative value of the evidence is not substantially outweighed by its undue prejudice. Accordingly, the evidence is admissible under Rule 404(b).

### CONCLUSION

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that the Motion to Allow Statements and Evidence Concerning Defendant's Attempted Sale of Stolen Dow CPE Trade Secrets to Nan Ya Plastics (Doc. No. 92) filed by the Government, is **GRANTED**.

Baton Rouge, Louisiana, this 6th day of January, 2011.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA