# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| WEN CHYU LIU, a/k/a<br>DAVID W. LIOU | NO. 05-85-C |

## RULING ON MOTION AND MEMORANDUM IN SUPPORT TO DETERMINE ADMISSIBILITY OF DEFENDANT'S DEPOSITION TESTIMONY

This matter is before the court on a Motion and Memorandum in Support to Determine Admissibility of Defendant's Deposition Testimony (Doc. No. 95) filed by the Government. The defendant has filed opposition (Doc. No. 123), and the Government has filed a reply brief (Doc. No. 127).

On September 30, 2009, defendant, Wen Chyu Liu a/k/a David Liou ("Liou") was charged in a Second Superseding Indictment with one count of conspiracy in violation of 18 United States Code § 1832(a)(5) and one count of perjury in violation of 18 United States Code § 1623. The Government alleges that Liou stole Dow Chemical Company's trade secrets. In the perjury count, the Government charges that Liou lied in a related federal civil deposition concerning his scheme to steal trade secrets. In its case-in-chief, the Government anticipates introducing excerpts from Liou's civil depositions.

Through this motion, the Government anticipates that Liou will seek to introduce other portions of his deposition testimony, in whole or part. The

Doc#1900

Government contends that Liou will likely cite Rule 106 of the Federal Rules of Evidence (also known as the Rule of Completeness) as grounds for his introduction of other portions of his depositions. The Government requests that Liou identify those portions of his depositions that he will seek to introduce at trial under Rule 106 of the Federal Rules of Evidence. The Government contends that such identification will allow the Court to make a pretrial determination of admissibility of such statements.

In opposition, Liou asserts that nothing in Rule106 authorizes the relief the government now seeks. Liou asserts that nowhere does Rule 106 force a pre-trial disclosure. Liou further asserts that the rule says "When a writing ... is introduced, an adverse party may require..." Liou argues that there is good reason for applying the rule as written because at the time of introduction, the defendant will know the context of the introduction and what the prosecutors are trying to make of it, and therefore, what other portions ought fairly to be read. The court agrees.

Rule 106 of the Federal Rules of Evidence provides, as follows:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Rule 106 encourages completeness in writings or recordings admitted into evidence. However, Rule 106 restricts a requirement of completeness by the qualification that the portion sought to be admitted must be relevant to the issues, and only the parts which qualify or explain the subject matter of the portion offered by the opponent

need be admitted.[1] One of the reasons for Rule 106 is to address misleading impression created by taking matters out of context. Thus, in order for Liou to determine whether to request the introduction of additional deposition testimony, he would need to know under what context has the government introduced the deposition testimony. The court feels that it would be a waste of judicial resources to order Liou to indicate what excerpts he will seek to introduce at trial without knowing the context of the government's excerpts. Besides, the court is perfectly capable of determining whether Liou will be allowed to present additional excerpts of his deposition during the course of the trial by determining whether the portions are relevant and are necessary to qualify, explain, or place in context the portions of his statements introduced by the government.

Accordingly, for the above and foregoing reasons,

IT IS ORDERED that the Motion and Memorandum in Support to Determine Admissibility of Defendant's Deposition Testimony is DENIED.

Baton Rouge, Louisiana, this 6th day of January, 2011.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] **United States v. McCorkle,** 511 F.3d 482, 486 (7th Cir. 1975), cert. denied, 423 U.S. 826, 96 S.Ct. 43, 46 L.Ed.2d 43 (1975).