UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS

WEN CHYU LIU, a/k/a
DAVID W. LIOU                            NO. 05-85-C

## RULING ON MOTION IN LIMINE AND MEMORANDUM IN SUPPORT TO EXCLUDE EVIDENCE AND STATEMENTS CONCERNING DEFENDANT'S PURPORTED CSM PATENTS ISSUED BY THE PEOPLE'S REPUBLIC OF CHINA

This matter is before the court on a Motion in Limine (Doc. No. 96) filed by the Government. The defendant has filed opposition (Doc. No. 124), and the Government has filed a reply brief (Doc. No. 129).

On September 30, 2009, defendant, Wen Chyu Liu a/k/a David Liou ("Liou") was charged in a Second Superseding Indictment with one count of conspiracy in violation of 18 United States Code § 1832(a)(5) and one count of perjury in violation of 18 United States Code § 1623.

On September 15, 2009, the Government filed this motion in limine, seeking to exclude evidence and statements concerning Liou's purported CSM patents issued by the People's Republic of China. The Government asserts that information concerning Liou's purported CSM patents should not be admitted since it is irrelevant, confusing and misleading to the jury. In opposition, Liou contends that his CSM patents are a major portion of the truth of this case explaining Liou's work in

Doc#1901

China and his efforts with the engineers in at Quindao and Hubei, both provinces of China. Liou argues that his CMS patents are relevant because the patents help to show Liou's intent and ultimate goal in China - the production and manufacture of a plant to produce CSM.

Rule 401 of Federal Rules of Evidence, defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 of the Federal Rules of evidence states that "[e]vidence which is not relevant is not admissible." However, Rule 403 of Federal Rules of Evidence provides that even relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The trial court is afforded discretion to determine whether such evidence is admissible under the probative versus prejudice standard set forth in Rule 403.[1]

After reviewing the motion, opposition, and reply, the court finds it necessary to defer ruling on this motion in limine until the trial to allow the court to see the relevancy of the evidence and the prejudice, if any, to a party caused by its admission. Accordingly,

IT IS ORDERED that a ruling on the Motion in Limine to Exclude Evidence

---

[1] **Malarkey v. Texaco, Inc.**, 983 F.2d 1204, 1211 (2nd Cir. 1993).

and Statements Concerning Defendant's Purported CSM Patents Issued by the People Republic of China (Doc. No. 96) filed by the United States is DEFERRED until trial.

Baton Rouge, Louisiana, this 6th day of January, 2011.

**RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**