UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| WEN CHYU LIU, a/k/a<br>DAVID W. LIOU | NO. 05-85-C |

### RULING ON MOTION IN LIMINE AND MEMORANDUM IN SUPPORT TO BAR DEFENSE EXPERT FROM TESTIFYING ABOUT WHETHER SOMETHING IS A "TRADE SECRET"

This matter is before the court on a Motion in Limine (Doc. No. 94) filed by the Government. The defendant has filed opposition (Doc. No. 122), and the Government has filed a reply brief (Doc. No. 132).

On September 30, 2009, defendant, Wen Chyu Liu a/k/a David Liou ("Liou") was charged in a Second Superseding Indictment with one count of conspiracy in violation of 18 United States Code § 1832(a)(5) and one count of perjury in violation of 18 United States Code § 1623. The Government alleges that Liou stole Dow Chemical Company's trade secrets.

On September 15, 2009, the Government filed this motion in limine, seeking an order barring defense expert, Ronald Ostermiller, from testifying about whether something is a "trade secret." The Government argues that no witness- expert or lay- may offer opinions that amount to legal conclusions. The Government argues that the defense is seeking to have its expert testify about whether the Dow

Doc#1903

information at issue constitutes "trade secrets." The Governments contends that such testimony clearly constitutes a legal opinion and should be barred. In opposition, Liou contends that his expert will not offer opinions that are legal conclusions.

Federal Rules of Evidence 702 and 704 govern the admissibility of expert testimony. Rule 702 provides, as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence, or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data; (2) testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 704(a) provides, as follows:

**Opinion and Ultimate Issue**

> (a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

Rule 704(a) clearly does not allow a witness to give legal conclusions.[1] However, Liou asserts that with regard to trade secrets, he intends to call an expert to testify regarding equipment in the public domain and to testify about general engineering knowledge and knowledge available without access to proprietary Dow information.

The Court notes that "a trade secret can exist in a combination of

---

[1] **United States v. Izydore**, 167 F.3d 213, 218 (5th Cir. 1999).

characteristics and components each of which, by itself, is in the public domain, but the unified process, design and operation of which in unique combination, affords a competitive advantage and is a protectible secret."[2] Thus, certain expert testimony about trade secret components that existed in the public domain at the time Liou allegedly stole the victim's trade secret could be relevant. However, until the evidence develops at trial, the court cannot rule on the government's motion in this regard. Accordingly,

IT IS ORDERED that a ruling on the government's Motion in Limine to Bar Defense Expert from Testifying about Whether Something is a "Trade Secret" (Doc. No. 94) is DEFERRED until trial.

Baton Rouge, Louisiana, this 7th day of January, 2011.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[2] **Metallurgical Indus., Inc. v. Fourtek, Inc.**, 790 F.2d 1195, 1202 (5th Cir. 1986)(internal citation omitted).

Doc#1903         3