# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| WEN CHYU LIU, a/k/a<br>DAVID W. LIOU | NO. 05-85-C |

## RULING ON MOTION IN LIMINE AND MEMORANDUM IN SUPPORT TO BAR MENTION OF VICTIM'S ALLEGED ENVIRONMENTAL VIOLATIONS

This matter is before the court on a Motion in Limine (Doc. No. 97) filed by the Government. The defendant has filed opposition (Doc. No. 125), and the Government has filed a reply brief (Doc. No. 128).

On September 30, 2009, defendant, Wen Chyu Liu a/k/a David Liou ("Liou") was charged in a Second Superseding Indictment with one count of conspiracy in violation of 18 United States Code § 1832(a)(5) and one count of perjury in violation of 18 United States Code § 1623.

On September 15, 2009, the Government filed this motion in limine, seeking to bar any mention of the defendant's unsupported allegations that the victim (Dow Chemical Company) violated environmental laws without further order from the court. The Government contends that Liou and Keith Stoecker ("Stoecker")(one of Liou's co-conspirators) lied about their roles in the scheme to sell chlorinated polyethylene (CPE) technology to the Chinese. The Government further contends that Liou and

Doc#1904

Stoecker attempted to disparage the victim by, among other things, making accusations that the victim violated environmental laws, such as the Resource Conservation and Recovery Act ("RCRA"). The Government contends that Stoecker memorialized such accusations in a document maintained on his computer. The Government notes that Liou identified this document as one of his potential exhibits at trial.

In opposition, Liou asserts that this motion is about protecting prosecution witness Stoecker from being impeached with his admitted and extensive lies. Liou asserts that Stoecker told him that Dow had not disposed of the large particles removed by the de-lumper in compliance with federal law (RCRA). Liou asserts that Stoecker now claims that his (Stoecker) previous statements and writings are lies without offering the slightest bit of evidence. Liou argues that if Stoecker is called as a witness, he (Liou) intends and is entitled to show the jury that Stoecker's trial testimony is a lie. Liou argues that he is constitutionally, statutorily and by rule allowed to cross examine Stoecker and to impeach not just his testimony but also his credibility.

## DISCUSSION

First, the Government argues that the evidence or statements concerning the victim's alleged wrongful behavior is completely irrelevant and highly prejudicial. The Government asserts that whether the victim violated environmental laws has absolutely nothing to do with whether the defendant committed the charged crimes

in this case. In opposition, Liou contends that the Government is protecting witness Stoecker from being impeached.

Considering Liou's contention that the inquiry would be for impeachment purposes, the Fifth Circuit has recognized that Rule 404(b) does not apply to evidence that is used for impeachment purposes.[1] Rule 404(b) applies when other-acts evidence is offered as relevant to an issue in the case, such as identity or intent.[2] Rule 608(b) applies when other-acts evidence is offered to impeach a witness, "to show the character of the witness for untruthfulness," or to show bias.[3] "Rule 608 authorizes inquiry only into instances of misconduct that are 'clearly probative of truthfulness or untruthfulness,' such as perjury, fraud, swindling, forgery, bribery, and embezzlement."[4] Rule 608(b) provides, in pertinent part, as follows:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, ....

"The classic example of a permissible inquiry would be an incident in which the

---

[1] **United States v. Bustamante,** 45 F.3d 933, 945 (5th Cir. 1995)(citation omitted).

[2] **United States v. Schwab,** 886 F.2d 509, 511 (2nd Cir. 1989), cert. denied, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

[3] **Schwab,** 886 F.2d at 511.

[4] **United States v. Tomblin,** 46 F.3d 1369, 1389 (5th Cir. 1995) (citing **United States v. Leake,** 642 F.2d 715, 718 (4th Cir. 1981).

witness had lied."[5]

Thus, the government's motion will be denied. The court will permit Liou to cross-examine Stoecker concerning the alleged environmental violations to the extent that the evidence is probative of his truthfulness or untruthfulness. Such cross-examination will only be allowed to the extent that its probative value is not "substantially outweighed by the danger of unfair prejudice, confusions of the issues, or misleading the jury. The court also recognizes that, depending on how the evidence develops, a limiting instruction to the jury on the use of this evidence of alleged environmental violations may be warranted.

With regard to Stoecker's document on environmental violations (defendant's exhibit), until the evidence is developed at trial and this document is offered, the court cannot rule on its admissibility. Therefore, the government's motion in limine as to the admissibility of this document will be deferred until trial. Accordingly,

IT IS ORDERED that the Government's Motion in Limine is DENIED IN PART, permitting Liou to cross-examine Stoecker's concerning the alleged environmental violations to the extent that the evidence is probative of his truthfulness or untruthfulness. Such cross-examination will only be allowed to the extent that its probative value is not "substantially outweighed by the danger of unfair prejudice, confusions of the issues, or misleading the jury.

---

[5] **United States v. Skelton**, 514 F.3d 433, 443-44 (5th Cir. 2008).

IT IS ORDERED that the Government's Motion in Limine as to the admissibility of Stoecker's document on environmental violations is DEFERRED until trial.

Baton Rouge, Louisiana, this 7th day of January, 2011.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA