UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

WEN CHYU LIU, a/k/a
DAVID W. LIOU

CRIMINAL ACTION

NO. 05-85-JJB

## **RULING**

This matter is before the Court on defendant's Rule 33 motion for new trial (doc. 171). The government filed an opposition (doc. 181). There is no need for oral argument. For the following reasons, defendant's motion is denied.

Defendant seeks a new trial based on his contentions that his proposed expert was improperly excluded and that the verdict as to the perjury count is against the substantial weight of evidence. Under Rule 33 of the Federal Rules of Criminal Procedure, a trial court may vacate a judgment and grant a new trial "if the interest of justice so requires." The district judge is not constrained to view the evidence in the light most favorable to the government and may weigh evidence and assess credibility in determining the merits of the motion. *See United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997). However, "motions for new trial are not favored, and are granted only with great caution." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997). A court should not set aside the verdict "simply because it feels that some other result would be more reasonable." *Robertson*, 110 F.3d at 1118. Indeed, a district court should

1

not grant a motion for new trial "unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004).

We find that defendant's proposed expert Ronald Ostermiller was properly excluded from testifying as an expert. The exclusion of Ostermiller's testimony as an expert was proper because he was not qualified in the appropriate field of CPE manufacturing. The court also finds that the government introduced ample evidence for a rational jury to find the defendant committed perjury. We therefore reject defendant's assertion that the jury's verdict was against the substantial weight of the evidence. On the contrary, the government introduced sufficient evidence from which a rational jury could have concluded, beyond a reasonable doubt, that the defendant committed perjury.

Accordingly, defendant's motion (doc. 171) for new trial is hereby DENIED.

Signed in Baton Rouge, Louisiana, on August 4, 2011.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**